IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FORMULATED MATERIALS, LLC, an Oklahoma limited liability company,  Plaintiff,  v.  HICO CONCRETE, INC., a Tennessee corporation,  Defendant. | Case No. CIV-24-388-SLP |

# **O R D E R**

On August 21, 2024, the Clerk of Court entered default against Defendant, Hico Concrete, Inc. (Defendant). *See* Clerk's Entry of Default [Doc. No. 16]. Plaintiff, Formulated Materials, LLC (Plaintiff), now moves for entry of default judgment. *See* Plaintiff's Motion for Default Judgment, With Brief [Doc. No. 17]. Defendant has not responded to the Motion.[1] For the reasons that follow, Defendant's Motion is GRANTED.

---

[1] Plaintiff did not serve the pending Motion on Defendant but Plaintiff was not required to do so. Where a defendant chooses not to make an appearance, the plaintiff does not need to give the defendant notice that they are seeking default. *See* Fed. R. Civ. P. 5(a)(2) ("[n]o service is required on a party who is in default for failing to appear."); *see also A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 227 (5th Cir. 2019) (neither party moving for default judgment nor court were required to serve motion for default judgment on defaulting party where party was in default for failing to appear). But in such circumstances, relief is limited to what is set forth in the complaint so as to ensure the defendant has sufficient notice. *See, e.g., Trustees of the St. Paul Elec. Const. Indus. Fringe Benefit Funds v. Martens Elec. Co*., 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007).

I. **Background / Plaintiff's Claims**

On April 16, 2024, Plaintiff filed this action alleging the following claims for relief: (1) breach of contract; (2) fraud in the inducement; (3) conversion; and (4) unjust enrichment. Plaintiff's claims arise out of the parties' sales orders pursuant to which Plaintiff sold its fireproofing, soundproofing, and waterproofing products to Defendant. Plaintiff invoiced Defendant and delivered the products but Defendant has failed to pay the invoiced amounts. Plaintiff seeks actual damages in the amount of $198,459.29.

II. **Procedural History**

Defendant was timely served with the Complaint on April 25, 2024. *See* Proof of Service [Doc. No. 10]. Defendant has failed to answer or otherwise respond to the Complaint and the time for doing so has expired. As set forth, on August 21, 2024, the Clerk of Court entered default. *See* Clerk's Entry of Default [Doc. No. 16]. The record, therefore, reflects that Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b).

III. **Jurisdiction**

Initially, the Court must consider both whether subject matter exists and whether the exercise of personal jurisdiction over the defendant is proper. *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169-70 (10th Cir. 2011); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

A. **Subject Matter Jurisdiction**

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1). The parties are citizens of different states. *See* Disclosure Statements [Doc.

Nos. 4 and 5]; *see also* Compl. [Doc. No. 1], ¶¶ 2-3.  Additionally, the amount in controversy exceeds $75,000, excluding interests and costs.  *See* Compl., ¶ 20; *see also* Invoices [Doc. No. 1-1]; AR Aging Report [Doc. No. 1-2]; Kenney Aff. [Doc. No. 17-1].

### B. Personal Jurisdiction

The Court has considered the pleadings and the Affidavit of Austin Keeney and concludes that it has personal jurisdiction over Defendant. *See, e.g., Sharpshooter Spectrum Venture, LLC v. Consentino*, Case No. CIV-09-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing.") (footnote omitted) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

Plaintiff submits evidence to show that specific personal jurisdiction exists over Defendant based on Defendant having "purposefully directed it activities at residents of the forum state." *See Old Republic Ins. Co. v. Cont'l Motors, Inc*., 877 F.3d 895, 904 (10th Cir. 2017).  Plaintiff has further shown that its claims "arise out of or relate to [D]efendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct*., 592 U.S. 351, 359 (2021) (citations omitted).

Plaintiff is an Oklahoma limited liability company.  Mr. Keeney is Plaintiff's General Counsel.  Keeney Aff., ¶ 2.  Mr. Keeney has described the commercial relationship between the parties and Defendant's contacts with the forum. *See id*., ¶¶ 3-10.  The Court finds Defendant purposefully directed its activities at Plaintiff, a resident of the State of Oklahoma, and that Plaintiff's claims arise out of and relate to Defendant's contacts with Oklahoma.  Thus, Plaintiff has shown Defendant's minimum contacts with the forum.

Moreover, nothing in the record suggests that the assertion of personal jurisdiction does not comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

### IV. <u>Uncontested Facts / Liability and Damages</u>

"[T]he entry of default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true. *Id.* at 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought.

Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.").

4

A.     **Breach of Contract**

Plaintiff seeks default judgment on its breach of contract claim against Defendant. Under Oklahoma law, to recover for breach of contract, a party must prove: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages as a result of the breach. *Valley View Agri, LLC v. Producers Coop Oil Mill*, Case No. CIV-15-1297-D, 2017 WL 1208670 at *2 (W.D. Okla. Mar. 31, 2017).

Plaintiff has plausibly alleged a breach of contract claim against Defendant. Plaintiff has included the invoices showing the goods ordered by Defendant and has demonstrated that it delivered those goods to Defendant. *See* Doc. No. 1-1 (Invoices); *see also* Keeney Aff., ¶¶ 4-9. Plaintiff has also shown that Defendant breached the contract by failing to pay for the goods. *See* Compl., ¶¶ 14-20, 22-26; Keeney Aff., ¶¶ 7-8. And Plaintiff has demonstrated that it has suffered actual damages as a result. *See* Compl., ¶ 16; Keeney Aff., ¶ 10. Thus, Plaintiff has established all the elements of a breach of contract claim to support entry of default judgment.

Plaintiff also seeks a default judgment on its claims for fraud in the inducement, conversion and unjust enrichment. But Plaintiff points to the same conduct of Defendant to support each of those claims for relief and does not allege any tortious conduct independent of the breach of contract. Nor does Plaintiff allege any injury resulting from Defendant's fraud other than the damages to which it is already entitled under its breach of

contract claim. Under these circumstances, Plaintiff cannot recover duplicative damages.[2] Therefore, the Court deems it unnecessary to address these additional claims. *See, e.g., Gentry v. Kostecki*, No. CIV-20-1284-WJM-STV, 2022 WL 168704 (D. Colo. Jan. 19, 2022) (declining to consider the plaintiff's request for default judgment on fraudulent inducement, conversion and unjust enrichment claims where the plaintiff would "recover the same amount she is already recovering through her breach of contract claim [and] the bar against double recovery precludes her from doing this"); *Ace Oilfield Rentals, LLC v. Western Dakota Fabrication, LLC*, No. CIV-15-672-D, 2017 WL 3841891 at *7 (W.D. Okla. Sept. 1, 2017) (recognizing that "[d]ouble recovery is prohibited in Oklahoma" and declining to assess damages on default judgment for claims including conversion, fraud and unjust enrichment where those claims were "subsumed" in the plaintiff's breach of contract claim (citing *Kruchowski v. Weyerhaeuser Co.*, 202 P.3d 144, 153-54 (Okla. 2008)). Accordingly, the Court limits its assessment of damages to Plaintiff's breach of contract claim.

**B.  Damages**

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 Fed.Appx. at 925 (citation omitted); *Hunt v. Inter-Globe Energy,*

---

[2] *See, e.g, Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180 (10th Cir. 2008) (addressing fraud in the inducement); *Member Servs. Life Ins. Co. v. Am. Nat. Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997) (addressing unjust enrichment).

*Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Here, Plaintiff seeks a sum certain based on the amounts invoiced and goods delivered to Defendant. Plaintiff has alleged this amount in the Complaint and has attached the invoices to the Complaint. Additionally, Plaintiff has provided evidentiary support for the damages claimed in the Affidavit of Mr. Keeney. Thus, the Court finds it proper to award actual damages to Plaintiff on its breach of contract claim in the amount of $198,459.29, exclusive of any award of interest, costs or attorney fees.

### C. Attorney's Fees and Costs

Plaintiff asks the Court to award attorney's fees and costs pursuant to Okla. Stat. tit. 12, § 936.[3] Plaintiff included such a request in its Complaint. Section 936 permits the recovery of a reasonable attorney fee to the prevailing party in any civil action to recover "on a[] . . . contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action. . . ." *Id.* Here, Plaintiff has brought a civil action to recover on a contract relating to the purchase or sale of goods, wares or merchandise. Thus the Court finds Defendant is liable to Plaintiff for a reasonable attorney fee. The Court cannot determine the amount of attorney fees as Plaintiff has presented no evidence of the same. Plaintiff shall submit an affidavit to the

---

[3] "In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). Because the Court's jurisdiction is based on diversity, Oklahoma law on attorney fees governs.

Court presenting and supporting its request for a reasonable attorney fee within fourteen (14) days of the date of this Order.

### D. Prejudgment and Postjudgment Interest

Plaintiff also seeks to recover prejudgment and postjudgment interest, but has failed to address the applicable law governing that request or the applicable accrual periods or rates. If Plaintiff seeks such a recovery, Plaintiff shall submit a more detailed request within fourteen (14) days of the date of this Order.

### V. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment [Doc. No. 17]. Plaintiff is directed to submit the supplemental information as set forth within fourteen (14) days or by February 10, 2025. A separate default judgment shall be entered upon determination of the amount of attorney fees and prejudgment and postjudgment interest, if any, to be awarded.

IT IS SO ORDERED this 27th day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE